McKenzie Czabaj, AZ Bar No. 036711
appearance *pro hac vice*
8095 North 85th Way
Scottsdale, Arizona 85258
Phone: (480) 626-2376
Email: mczabaj@consumerjustice.com

Michael Yancey III, NV Bar No. 16158
2300 West Sahara Avenue, Suite 800
Las Vegas, Nevada 89102
Phone: (480) 573-9272
Fax: (480) 613-7733
Email: myancey@consumerjustice.com

*Attorneys for Plaintiff*
*Christian L. Holmes-Brown*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIAN L. HOLMES-BROWN, <br><br> Plaintiff, <br><br> v. <br><br> TRUEVALUE SCREENING, LLC D/B/A VERITABLE SCREENING, <br><br> Defendant. | **Case No.:** 2:25-cv-00130-CDS-EJY <br><br> **JOINT MOTION TO EXTEND ALL REMAINING DEADLINES** |

Pursuant to Local Rule 26-3, Plaintiff Christian L. Holmes-Brown ("Plaintiff") and Defendant Truevalue Screening, LLC d/b/a Veritable Screening ("Defendant"), collectively referred to as "the Parties," respectfully request that the Court enter an Order extending all remaining deadlines by a period of ninety (90) days. In support of the Motion, the Parties state as follows:

1. Plaintiff filed this Complaint on January 22, 2025 (Docket No. 1), and Defendant answered Plaintiff's Complaint on February 12, 2025 (Docket No. 9).

2. On March 3, 2025, the Court entered the Scheduling Order (Docket No. 12), which

set the following deadlines:

      a.  Expert Disclosure: June 18, 2025

      b.  Rebuttal Expert Disclosure: July 18, 2025

      c.  Discovery Cut-Off: August 29, 2025

      d.  Dispositive Motions: October 10, 2025

      e.  Joint Pretrial Order: November 14, 2025

3. The Parties have diligently pursued discovery. Namely, the Parties have both served Rule 26(a)(1) Initial Disclosure Statements. On March 3, 2025, Plaintiff served his initial set of written discovery requests on Defendant. Defendant's initial set of discovery responses and document production were due April 24, 2025, however, Plaintiff has yet to receive responses from the Defendant. Plaintiff has also served a third-party subpoena and is working on obtaining documents and deposition testimony.

4. Plaintiff anticipates noticing Defendant's deposition as soon as Defendant's initial set of discovery responses and any additional documents have been received. Defendant's responses and document production are necessary prior to Defendant's deposition as this is what Plaintiff will use to determine the topics to discuss during Defendant's deposition.

5. Further, Plaintiff will need to take the 30(b)(6) deposition of Defendant prior to determining whether an expert is needed. If an expert is needed, Plaintiff will then need to locate an expert, retain an expert, and have an expert report prepared prior to the June 18, 2025, expert disclosure deadline.

6. Accordingly, the Parties seek additional time in order to receive Defendant's initial set of discovery responses and document production, determine the topics to be discussed at Defendant's deposition, schedule Defendant's deposition, take the deposition itself, obtain a transcript, and retain experts prior to the expert disclosure deadline.

7. Federal Rule of Civil Procedure 6(b) provides trial courts with the authority to extend time periods. Good cause exists to extend the expert discovery deadlines as the Parties have diligently prosecuted this case and additional time is required to take prepare for and

1 schedule Defendant's deposition, retain experts, and adequately prepare for the trial.

2     8.    The additional time will allow the parties to conduct additional fact discovery, including completing written discovery, taking depositions and resolving any discovery issues, and determining whether expert discovery is needed in this matter.

    9.    This motion is not filed for any improper purpose and is not intended to delay. Additionally, the Parties do not anticipate a need for any further extensions at this time. Further, none of the Parties will be prejudiced by an extension of these deadlines. Rather, the extension will conserve party/court resources and time, as well as promote judicial efficiency.

WHEREFORE, the Parties respectfully request that this Motion be granted, and the Court issue an Order extending the remaining deadlines in this case by ninety (90) days as follows:

| **EVENT** | **ORIGINAL DEADLINE** | ~~**PROPOSED DEADLINE**~~ |
|---|---|---|
| Expert Disclosures | June 18, 2025 | September 16, 2025 |
| Rebuttal Expert Disclosures | July 18, 2025 | October 16, 2025 |
| Discovery Cut-Off | August 29, 2025 | November 27, 2025 |
| Dispositive Motions | October 10, 2025 | January 8, 2026 |
| Joint Pretrial Order | November 14, 2025 | February 12, 2026 |

/ /

RESPECTFULLY SUBMITTED this 30th day of May 2025.

| | |
|---|---|
| **Consumer Justice Law Firm PLC** | **Messer Strickler Burnette, LTD** |
| By: */s/ McKenzie Czabaj* <br> McKenzie Czabaj, AZ Bar No. 036711 <br> appearance *pro hac vice* <br> 8095 North 85th Way <br> Scottsdale, Arizona 85258 <br> Phone: (480) 626-2376 <br> Email: mczabaj@consumerjustice.com | By: */s/ Andrew M. Schwartz* <br> Andrew M. Schwartz (*pro hac vice*) <br> 935 East Lancaster Avenue, #1003 <br> Downingtown, Pennsylvania 19335 <br> Phone: (320) 434-9664 <br> Fax: (312) 334-3474 <br> Email: aschwartz@messerstrickler.com |
| Michael Yancey III, NV Bar No. 16158 <br> 2300 West Sahara Avenue, Suite 800 <br> Las Vegas, Nevada 89102 <br> Phone: (480) 573-9272 <br> Fax: (480) 613-7733 <br> Email: myancey@consumerjustice.com | Prescott T. Jones, NV Bar No. 11617 <br> **Resnick & Louis, P.C.** <br> 8945 West Russell Road, Suite 330 <br> Las Vegas, Nevada 89148 <br> Phone: 702-997-1029 <br> Email: pjones@rlattorneys.com |
| *Attorneys for Plaintiff* <br> *Christian L. Holmes-Brown* | *Attorneys for Defendant* <br> *Truevalue Screening, LLC* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Date: May 30, 2025

4